WESTERN ASSUR. CO. v. SOUTHWESTERN TRANSP. CO.

(Circuit Court of Appeals, Fifth Circuit. June 4, 1895.)

No. 377.

1. MARINE INSURANCE—PARTIAL LOSS—AMOUNT RECOVERABLE.

Where the vessel insured is valued in the policy at a specified amount, and a partial loss is incurred, the insurer pays only such proportion of the actual loss as the sum insured bears to the value of the vessel.

2. COSTS ON APPEAL—APPARENT ERROR NOT EXCEPTED TO BELOW.

Where the amount of a decree is reduced on appeal for an apparent error in the commissioner's report, which was not excepted to below, such reduction should not affect the costs.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

This was a libel by the Southwestern Transportation Company against the Western Assurance Company, to recover upon a policy of marine insurance insuring the model barge Charlie Pierce in the sum of $1,250. The damage for which recovery was sought was occasioned by the springing of a leak in the barge while she was lying at New Orleans moored on the outside of another barge; and the cause thereof, as alleged in the libel, was the surging and straining of the Charlie Pierce against the barge to which she was fastened, by reason of heavy winds and the waves caused thereby and by passing steamers. The defense was that the barge was not seaworthy, and that the loss was not caused by any peril insured against. The issues raised were wholly of fact, and the court determined them in favor of libelant, and referred the cause to a commissioner to ascertain the damages suffered by libelant. The commissioner reported the damage to be $1,275.83, and his report was confirmed by the court, and a decree entered against defendant for $1,250, being the full amount of the policy, with interest. From this decree the defendant appealed.

Howe, Spencer & Cocke, for appellant.

Guy Hornor, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. This is a suit in admiralty to recover for a partial loss under a marine policy of insurance. As the issues are presented by the libel and answer, the burden of showing that the model barge insured was seaworthy, and that the loss happened through perils of the river, is on the libelant. The issues are wholly of fact; and, the district court having found them in favor of the libelant in the court below (appellee in this court), we might affirm, on the general rule declared by this court in The City of Macon, 2 U. S. App. 396, 2 C. C. A. 564, 51 Fed. 949: "On an appeal in admiralty a circuit court of appeals will not reverse the decision of a district court on a question of fact depending on conflicting evidence, unless it clearly appear to be against the weight of evidence." It is not necessary, however, to put our decision on such narrow ground, for from our examination of the evidence we find that it is decidedly in favor of the libelant on both propositions. A review is unnecessary, and we only remark that to find that the barge was not seaworthy or was lost through other than perils of the river requires the rejection of facts, to wander into the domain of conjecture. In our opinion, the libelant proved its case. Our attention is, however, called to an error on the face of the record which requires a reduction of the amount awarded in the court below. In the policy of insurance, the model barge insured was valued at $2,000, and the amount of insurance was $1,250, or five-eighths of the value. The rule in cases of marine insurance where a partial loss is incurred is that the insurer pays only such a proportion of the actual loss as the sum insured bears to the value of the property at risk. See Ang. Ins. (2d Ed.) § 249. The amount of loss proved in the case was $1,275.83. Five-eighths of the same amounts to $797.40. In the district court no exceptions were taken to the report of the commissioner as to the amount of damages libelant was entitled to recover. As the point is first made in this court, the reduction here allowed ought not to affect the costs. The decree appealed from is amended by reducing the amount of recovery from the sum of $1,250 to the sum of $797.40, and, as thus amended, it is affirmed; the appellant to pay the costs of this appeal.